**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

```
--------------------------------------  x
JOSEPH NIYAZOV,                         :
on behalf of h i m s e l f and          :
all others similarly situated,          :
                                        :
                          Plaintiff,    :
                                        :
              -against-                 :
                                        :
ALLTRAN FINANCIAL, LP                   :
and URS MANAGEMENT, LLC,                :
                                        :
                          Defendants    :
--------------------------------------  x
```

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.      Plaintiff Joseph Niyazov brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Alltran Financial, LP.  Also named is URS Management, LLC, the general partner of Alltran Financial, LP. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because defendant's collection communication (Exhibit A) was received by plaintiff within this District.

## PARTIES

9. Plaintiff Joseph Niyazov is an individual who resides in Brooklyn, New York.

10. Defendant Alltran Financial, LP is a limited partnership entity organized under Texas law with principal offices at 5800 N. Course Drive, Houston, TX  77072.

11. Defendant Alltran Financial, LP operates a collection agency, using the mails and telephone system to collect defaulted consumer debts owed by others.

12. Defendant Alltran Financial, LP states on its website that "For over 39 years we have been one of the most trusted and innovative business partners in the financial services Accounts Receivable Management industry."  (http://alltran.com/industries/financial/)

13. Defendant Alltran Financial, LP regularly collects alleged consumer debts owed to

others.

14.     Defendant Alltran Financial, LP is a debt collector as defined in the FDCPA.

15.     Defendant URS Management, LLC is a limited liability company organized under Texas law with offices at 5800 North Course Drive, Houston, TX 77072.  Its registered agent and office is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.  It is the general partner of Alltran Financial, LP, whose acts are therefore attributed to it.

## FACTS

16.     Defendant Alltran Financial, LP has been attempting to collect from plaintiff an alleged motor vehicle retail installment contract held by JP Morgan Chase Bank, N.A.

17.     The vehicle was obtained for personal, family or household purposes (general transportation) and not for business.

18.     On or about May 16, 2018 defendant Alltran Financial, LP sent plaintiff the letter attached as Exhibit A.

19.     Exhibit A is the first letter plaintiff received from defendant Alltran Financial, LP regarding the alleged debt described therein.

20.     Exhibit A is a form letter, filled out by computer in a standardized manner.

21.     On information and belief, based on its contents, Exhibit A is a form intended for use as the first letter defendant Alltran Financial, LP sends to a consumer  regarding the debt described therein.

22.     Exhibit A gives an "Amount Due as of charge-off" and states that since charge-off $120 in "non-interest charges or fees" have been added, giving a "current amount due" of $6,480.14.  The nature of the non-interest charges or fees is not given.

23.     The listing of a positive number for charges and fees accrued since charge-off and the reference to the "current amount due" suggests that the debt is continually increasing

because of the addition of charges and fees.  *Chuway v. Nat'l Action Fin., Servs,* 362 F.3d 944 (7th Cir. 2004) (letter stating the balance but inviting the debtor to call to obtain "the most current balance information" creates doubt as to whether the balance stated is increasing and violates the FDCPA unless an explanation is provided);  *Islam v. Am. Recovery Serv.,* 17cv4228-BMC, 2017 WL 4990570 (E.D.N.Y. Oct. 31, 2017) (Language such as the "current balance" or "as of the date of this letter" is insufficient disclosure to a debtor that her balance is either dynamic or static);  *Medzhidzade v. Kirschenbaum & Phillips, P.C.,* 17cv6452-BMC, 2018 WL 2093116 (E.D.N.Y. May 3, 2018).

24.    The type of debt (motor vehicle retail installment contract ) is one where charges and fees commonly accrue.

25.    On information and belief, the motor vehicle retail installment contract provided for charges and fees.

26.    Plaintiff had previously been charged charges and fees on the debt.

27.    Plaintiff was not informed by anyone that charges or fees would cease accruing or be waived.

28.    Plaintiff was never informed by anyone that the terms and conditions of the underlying agreement were changed.

29.    Exhibit A suggests but does not clearly disclose that the amount of the debt is in fact increasing, as required by *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72 (2d Cir. 2016).

30.    The ambiguity itself violates the FDCPA.  *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir. 1996).

## COUNT I – FDCPA

31.    Plaintiff incorporates paragraphs 1-29.

32.    The form letter attached as Exhibit A violates 15 U.S.C. §1692e, 1692e(2),

4

1692e(10) and 1692g, in that it suggests that the amount of the debt is increasing with time, but does not clearly disclose whether this is the case. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72 (2d Cir. 2016); *Taylor v. Fin. Recovery Servs., Inc.,* 886 F.3d 212, 215 (2d Cir. 2018); *Chuway v. Nat'l Action Fin. Servs., Inc.,* 362 F.3d 944, 949 (7th Cir. 2004); *Thomas v. Midland Credit Mgmt., Inc.*, 2:17cv00523-ADS-ARL, 2017 WL 5714722, at *4 (E.D.N.Y. Nov. 27, 2017); *Islam v. American Recovery Service Incorporated,* 17cv4228-BMC, 2017 WL 4990570, at *2 (E.D.N.Y. Oct. 30, 2017); and *Medzhidzade v. Kirschenbaum & Phillips, P.C.,* 17cv6452-BMC, 2018 WL 2093116 (E.D.N.Y. May 3, 2018).

33.    Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any**

portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

34.    Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. .

6

..

35.    As a result, plaintiff was deprived of information required to be disclosed by law and presented with ambiguous and misleading information when the FDCPA required clear and accurate information.  Plaintiff suffered an injury in fact by being subjected to unfair and abusive practices of the defendant.

36.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights. The FDCPA enables consumers to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. One purpose of the FDCPA, among others, is to provide information that helps consumers choose intelligently. Defendant Alltran's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits. As a result, defendant Alltran's materially misleading statements trigger liability under § 1692e of the FDCPA.

## CLASS ALLEGATIONS

37.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

38.    The  class consists of (a) all individuals with addresses in  New York State (b) to whom defendant Alltran Financial, LP (c) sent a collection letter (d) attempting to collect a motor vehicle retail installment contract debt (e) which included positive numbers for interest or other charges or fees (any of the three), (f) but did not positively disclose that the balance may increase due to interest and fees, (g) which letter was sent on or after a date one year prior to filing this action and on or before a date 21 days after filing this action.

39.    Excluded from the class are defendants and all officers, members, partners, managers, directors, and employees of defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

7

40.     On information and belief, based on defendants' size and the use of a form letter, the class exceeds 40, and is so numerous that joinder of all members is not practicable.

41.     The identities of all class members are readily ascertainable from the records of defendant and its clients.

42.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether Exhibit A violates the FDCPA.

43.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

44.     Plaintiff will fairly and adequately represent the class members.  Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

45.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.     Individual actions are not economically feasible.

b.     Members of the class are likely to be unaware of their rights;

c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

i.     Statutory damages;

ii.     Attorney's fees, litigation expenses and costs of suit;

iii.    Such other and further relief as the Court deems proper.


s/Tiffany N. Hardy
Tiffany N. Hardy


Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com


Daniel C. Cohen
COHEN & MIZRAHI LLP
300 Cadman Plaza West, 12th floor
Brooklyn, NY 11201
(929) 575-4175
(929) 575-4195 (FAX)
dan@cml.legal

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


s/Tiffany N. Hardy
Tiffany N. Hardy


Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# **EXHIBIT A**

**REDACTED**

## Alltran Financial, LP

PO BOX 4045
CONCORD CA 94524-4045

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

May 16, 2018

ADDRESS SERVICE REQUESTED

||||||||||||||||||||||||||||||||||||||||||||||||||||||

Joseph Niyazov

| Creditor: JPMorgan Chase Bank, N.A. | | |
|---|---|---|
| Account: XXXXXXXXXXX5621 | | |
| Partial Account Number for Your Security | | |
| Alltran ID: ▮ | | |
| Amount Due as of charge-off: | | $6,360.14 |
| Interest since charge-off: | + | $0.00 |
| Non-interest charges or fees: | ± | $120.00 |
| Payments since charge-off: | - | $0.00 |
| Current Amount Due: | | $6,480.14 |

Alltran Financial, LP
PO BOX 722929
HOUSTON TX 77272-2929
||||||||||||||||||||||||||||||||||||||||||||||||

Please detach at perforation and return with your payment.

### YOUR ACCOUNT IS PAST DUE

Please remit payment in full of any undisputed amount of the past due amount, payable to JPMorgan Chase Bank, N.A., in the enclosed envelope.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days from receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

We want to help you resolve this account. If you wish to discuss your account, please call CHRISTINA R ELIA at 888-793-6186, extension 4702, so we may assist you.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,
CHRISTINA R ELIA
888-793-6186, extension 4702
Alltran Financial, LP
P.O. Box 722929
HOUSTON TX 77272-2929

**Looking for a secure and more convenient way to pay your account?** Make payments with your Debit Card using your mobile phone or other electronic device at www.alltranfinancialpay.com to take advantage of this simple and free service available 24 hours a day.

> If you write to us and ask us to stop communicating with you about this debt, we will, but if you owe this debt, you will still owe it and the debt may still be collected from you. If you have a complaint about the way we are collecting this debt, you may write to our Contact Center, 5800 North Course Drive, Houston, TX 77072 or call our toll-free Complaint Hotline at (800) 326-8040 between 7 AM and 4 PM (Central Time) Monday-Friday

Telephone: 888-793-6186, ext 4702

Office Hours (all times Central)
Monday-Thursday: 8 AM to 9 PM • Friday: 8 AM to 4 PM • Saturday: 7 AM to 11 AM
NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 1304511, 1304544, 1304538.